IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
JUN 12 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

JAMARHI RAHEEM LUCAS

ED 19-0397M

CRIMINAL NO. 5:19cr9DCB-FKB

18 U.S.C. § 922(o)
26 U.S.C. § 5861(d)

**The Grand Jury charges:**

COUNT 1

That on or about September 22, 2018, in Adams County in the Western Division of the Southern District of Mississippi, the defendant, **JAMARHI RAHEEM LUCAS**, knowingly received and possessed a machine gun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

COUNT 2

That on or about September 22, 2018, in Adams County in the Western Division of the Southern District of Mississippi, the defendant, **JAMARHI RAHEEM LUCAS**, knowingly received and possessed a firearm not registered to him in the National Firearm Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d), and 5871.

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offense as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offense alleged in this indictment:

A. One (1) M-16 type select-fire machine gun assembled on a modified Spikes Tactical model ST 15 receiver bearing serial number SBR85318; and
B. Any ammunition seized.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 924(d)(1); Title 26, United States Coed, Section 5872; Title 28, United States Code, Section 2461; and Title 49, United States Code, Section 80303.

D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the _12th_ day of June, 2019.

UNITED STATES MAGISTRATE JUDGE

A TRUE COPY, I HEREBY CERTIFY.
ARTHUR JOHNSTON, CLERK
BY:
DEPUTY CLERK

2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

WYLLISHIA CHATMAN and
JAMARHI RAHEEM LUCAS

CRIMINAL NO. 3:19cr126CWR-LRA

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(1)(A)

**The Grand Jury charges:**

## COUNT 1
### (18 U.S.C. § 371: Conspiracy to Violate Federal Law)

1. That from on or about June 1, 2015, and continuing through on or about March 31, 2019, in Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **WYLLISHIA CHATMAN and JAMARHI RAHEEM LUCAS**, did knowingly and willfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury to commit certain offenses against the United States, that is, to unlawfully purchase a firearm on behalf of another person; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(1)(A).

### Purpose of the Conspiracy

2. It was a purpose of the conspiracy for **WYLLISHIA CHATMAN** to pose as an actual purchaser of a firearm and purchase a firearm on behalf of **JAMARHI RAHEEM LUCAS**.

### Manner and Means

3. The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

   a. On or about June 27, 2015, **JAMARHI RAHEEM LUCAS** filled out ATF Form 4473 for a background check in an attempt to purchase a firearm from Sports Center located

in Natchez, Mississippi, but the sale was denied.

      b.    On or about October 15, 2017, **JAMARHI RAHEEM LUCAS** filled out ATF Form 4473 for a background check in an attempt to purchase a firearm from Mississippi Gun Works located in Ridgeland, Mississippi, but the sale was denied.

      c.    On or about May 26, 2018, **JAMARHI RAHEEM LUCAS** filled out ATF Form 4473 for a background check in an attempt to purchase a firearm from Sports Center located in Natchez, Mississippi, but the sale was denied.

      d.    On or about March 12, 2019, **WYLLISHIA CHATMAN and JAMARHI RAHEEM LUCAS**, together, entered Academy Sports and Outdoors located in Flowood, Mississippi, and walked to the firearms counter.

      e.    On or about March 12, 2019, **JAMARHI RAHEEM LUCAS** looked at pistols in a glass display case at Academy Sports and Outdoors located in Flowood, Mississippi, while **WYLLISHIA CHATMAN** stood behind him.

      f.    On or about March 12, 2019, **JAMARHI RAHEEM LUCAS** chose a pistol to purchase from Academy Sports and Outdoors located in Flowood, Mississippi.

      g.    On or about March 12, 2019, **WYLLISHIA CHATMAN** filled out ATF Form 4473 for a background check in order to purchase a pistol while **JAMARHI RAHEEM LUCAS** looked at ammunition, at Academy Sports and Outdoors located in Flowood, Mississippi.

      h.    On or about March 12, 2019, **WYLLISHIA CHATMAN** marked on ATF Form 4473 that she was actual buyer of the pistol, at Academy Sports and Outdoors located in Flowood, Mississippi.

      i.    On or about March 12, 2019, **JAMARHI RAHEEM LUCAS** removed

ammunition from a retail shelf and handed the ammunition to **WYLLISHIA CHATMAN** who, in turn, handed it to the store clerk who was holding the pistol being purchased at Academy Sports and Outdoors located in Flowood, Mississippi.

j.   On or about March 12, 2019, **WYLLISHIA CHATMAN and JAMARHI RAHEEM LUCAS**, together, at Academy Sports and Outdoors located in Flowood, Mississippi, approached a cash register in order to purchase the pistol.

k.   On or about March 12, 2019, **JAMARHI RAHEEM LUCAS** handed **WYLLISHIA CHATMAN** cash, that is, United States currency, for the purchase of the pistol. **WYLLISHIA CHATMAN**, in turn, handed the currency to the cashier, at Academy Sports and Outdoors located in Flowood, Mississippi.

l.   On or about March 23, 2019, **JAMARHI RAHEEM LUCAS** possessed the pistol purchased at Academy Sports and Outdoors on March 12, 2019.

m.   On or about March 23, 2019, **JAMARHI RAHEEM LUCAS** stated that he purchased the pistol from Academy Sports and Outdoors located in Flowood, Mississippi.

n.   On or about March 23, 2019, **JAMARHI RAHEEM LUCAS** researched the pistol that was purchased from Academy Sports and Outdoors located in Flowood, Mississippi.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (18 U.S.C. § 922(a)(6): False Statement to Acquire Firearm)

That on or about March 12, 2019, in Rankin County in the Northern Division of the Southern District of Mississippi, the defendants, **WYLLISHIA CHATMAN and JAMARHI RAHEEM LUCAS**, aided and abetted by each other, and others known and unknown to the Grand Jury, in connection with the acquisition or attempted acquisition of a firearm from Academy Sports and Outdoors, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, knowingly made a false and fictitious written statement to Academy Sports and Outdoors, which statement was intended and likely to deceive Academy Sports and Outdoors as to a fact material to the lawfulness of such acquisition of the said firearm to the defendants under Chapter 44 of Title 18, in that the defendants represented that **WYLLISHIA CHATMAN** was the actual buyer of the firearm and was not purchasing the firearm for another person when answering Block 11.a. on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendants then knew that **WYLLISHIA CHATMAN** was not the actual buyer of the firearm; in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 3
### (18 U.S.C. § 924(a)(1)(A): False Statement in Official Record)

That on or about March 12, 2019, in Rankin County in the Northern Division of the Southern District of Mississippi, the defendants, **WYLLISHIA CHATMAN and JAMARHI RAHEEM LUCAS**, aided and abetted by each other, and others known and unknown to the Grand Jury, knowingly made a false statement and representation to Academy Sports and Outdoors, an entity licensed under the provisions of Title 18, United States Code, Chapter 44, with respect to

4

information required by the provisions of Title 18, United States Code, Chapter 44, to be kept in the records of Academy Sports and Outdoors, in that the defendants represented that **WYLLISHIA CHATMAN** was the actual buyer of the firearm and was not purchasing the firearm for another person when answering Block 11.a. on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, whereas in truth and in fact the defendants then knew that **WYLLISHIA CHATMAN** was not the actual buyer of the firearm; in violation of Title 18, United States Code, Sections 924(a)(1)(A), and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of [one or more of the offenses] the offense alleged in this indictment:

    **A. One (1) Canik, model TP9SA, 9mm pistol bearing serial number 18AP05470; and**
    **B. Any ammunition seized.**

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of

forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461.

*[signature]*
D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

*[signature]*
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the ___ day of July, 2019.

*[signature]*
UNITED STATES DISTRICT JUDGE

*[seal: Southern District of Mississippi]*
A TRUE COPY, I HEREBY CERTIFY.
ARTHUR JOHNSTON, CLERK
BY: *[signature]* DEPUTY CLERK

6